1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   LAZARO SANTANA,                          )
                                            )
9         Petitioner,                        )        2:11-cv-00354-KJD-RJJ
                                            )
10  vs.                                      )        **ORDER**
                                            )
11  BRIAN WILLIAMS, *et al.*,                )
                                            )
12        Respondents.                       )
    _____/

13

14          This is an action brought by Lazaro Santana, a prisoner at Southern Desert

15  Correctional Center, on a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that he has

16  not been granted proper credit for various course or training he has completed while incarcerated, in

17  violation of Nevada Revised Statutes § 209.449.  Before the Court is petitioner's motion for

18  judgment on the pleadings (ECF No. 9) which is opposed (ECF No. 10) and respondents' motion to

19  dismiss (ECF No. 11) which motion has opposed (ECF No. 13).

20  **I.      Procedural Background**

21          Petitioner's judgment of conviction for the crime of Trafficking in a Controlled

22  Substance was entered on August 11, 2003 and he was sentenced to serve a term of 25 years in

23  prison with the possibility of parole after ten years.

24          Petitioner filed a state post-conviction petition on April 12, 2011 contending that he

25  was not received proper credit fo completion of certain courses of study completed while he was

26  incarcerated.  Exhibit 1 to Motion to Dismiss.  Petitioner claims the classes were "approved

1   correctional programs" which required application of mandatory credit under Nevada Revised

2   Statutes (NRS) § 209.449(1).  He sought credit for an additional 540 days.  *Id.*

3           The state district court reviewed the petition and denied relief finding that petitioner's

4   interpretation of state law was in error and that he had received the proper credit for the types of

5   classes he had completed.  Exhibit 2.  The Nevada Supreme Court affirmed the lower court's

6   determination.  Exhibit 3.

7           Petitioner's federal petition was filed on May 11, 2011 after the issue of the filing fee

8   was resolved (ECF No. 3).  Petitioner claims a Fourteenth Amendment Due Process violation where

9           The Nevada Dept. of Corrections (NDOC) has not and does not
            apply the mandated 60 days to be deducted from my maximum
10          sentence, pursuant to NRS 209.449, for the successful completion of
            any other programs approved by the Director.

11                                          * * *

12          NRS 209.449(1)(b) creates a protected liberty interest and the
            NDOC fails to apply these required credit days that I am entitled to
13          under the United States Constitution's Fourteenth Amendment.

14          The statute provides specifically that the credits "must be
            allowed" under particular circumstances which I have met and clearly
15          provided for the State Court review....

16   Petition, p. 3.

17          Respondents move to dismiss the petition on the basis that it alleges an improper

18   application of state law not subject to federal review.

19   **II.      Discussion**

20          28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act

21   (AEDPA), provides the legal standards for this Court's consideration of the petition in this case:

22          An application for a writ of habeas corpus on behalf of a person
            in custody pursuant to the judgment of a State court shall not be
23          granted with respect to any claim that was adjudicated on the merits in
            State court proceedings unless the adjudication of the claim --

24

25

26

2

1                (1)     resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as
2      determined by the Supreme Court of the United States; or

3                (2)     resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
4      court proceeding.

5      28 U.S.C. § 2254(d).  These standards of review "reflect the ... general requirement that federal

6      courts not disturb state court determinations unless the state court has failed to follow the law as

7      explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999).

8              Respondents argue that this petition must be dismissed because the claim and the state

9      court's review thereof, are founded on state law without a federal statutory or constitutional

10     component.  Petitioner contends that he only received credit for the meritorious completion of

11     various classes - the discretionary award, while being denied the mandatory credits available under

12     Nevada Revised Statutes § 209.449.  He refers to the various exhibits attached to his petition to

13     support his argument.

14             The statute cited by petitioner reads:

15     **Credits for completion of vocational education and training or
other program**.

16

17         1. An offender who has no serious infraction of the regulations
of the Department, the terms and conditions of his or her residential
confinement, or the laws of the State recorded against the offender
18     must be allowed, in addition to the credits provided pursuant to NRS
209.433, 209.443, 209.446 or 209.4465, a deduction of 60 days from
19     the maximum term of the offender's sentence for the successful
completion of:
20         (a) A program of vocational education and training; or
    (b) Any other program approved by the Director.

21

22         2. If the offender completes such a program with meritorious or
exceptional achievement, the Director may allow not more than 60
days of credit in addition to the 60 days allowed for completion of
23     the program.

24     NRS 209.449 (emphasis added).

25

26

                                  3

1    However, in reviewing the claims, the state courts properly noted that the classes he

2 identifies in his exhibits for which did not receive the mandatory credits are actually classes subject

3 to credits under NRS 209.448 - Credits for completion of program of treatment for abuse of alcohol

4 or drugs- and NRS 209.4465 - Credits for educational achievements such as completion of general

5 education classes or associates degree or other collegiate level classes.  These determination are

6 founded solely on state statutes and their application.  Petitioner's arguments are misplaced and

7 erroneous.

8    Unless an issue of federal constitutional or statutory law is implicated by the facts

9 presented, the claim is not cognizable under federal habeas corpus.  *Estelle v. McGuire*, 502 U.S. 62,

10 68 (1991).  A state law issue cannot be mutated into one of federal constitutional law merely by

11 invoking the specter of a due process violation.  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.

12 1996), *cert. denied*, 522 U.S. 881 (1997).  Only if the state law creates a liberty interest protected by

13 the United States Constitution would violation of that law invoke federal habeas protection.  For that

14 to occur, the law must set forth substantive predicates to govern official decision-making and it must

15 contain explicitly mandatory language requiring a certain outcome if the substantive predicate has

16 been met.  *See Kentucky Dept. Of Corrections v. Thompson,* 490 U.S. 454, 462-63, 109 S. Ct. 1904

17 (1989).   In this instance, petitioner's argument is a misapplication or interpretation of state statutes

18 and this Court cannot intercede.

19    The motion for judgment on the pleading filed by petitioner shall also be denied, as it

20 is founded on a purported failure by respondents to file a timely response to the petition.  However,

21 as noted in the opposition to this motion, respondents filed a timely motion for additional time,

22 which was granted.

23 **IV.    Conclusion**

24    The motion to dismiss must be granted, as petitioner presents a question of state law

25 which cannot be decided by this federal court.   In order to proceed with an appeal from this court,

26

1  petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner

2  must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of

3  appealability.  *Id.*  The Supreme Court has held that a petitioner "must demonstrate that reasonable

4  jurists would find the district court's assessment of the constitutional claims debatable or wrong."

5  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6          The Supreme Court further illuminated the standard for issuance of a certificate of

7  appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

8          We do not require petitioner to prove, before the issuance of a COA, that
           some jurists would grant the petition for habeas corpus.  Indeed, a claim
9          can be debatable even though every jurist of reason might agree, after the
           COA has been granted and the case has received full consideration, that
10         petitioner will not prevail. As we stated in *Slack*, "[w]here a district court
           has rejected the constitutional claims on the merits, the showing required
11         to satisfy § 2253(c) is straightforward: The petitioner must demonstrate
           that reasonable jurists would find the district court's assessment of the
12         constitutional claims debatable or wrong."

13  *Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

14         The Court has considered the issues raised by petitioner, with respect to whether they

15  satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet

16  that standard.  Accordingly, the Court will deny petitioner a certificate of appealability.

17         **IT IS THEREFORE ORDERED** that the motion for judgment on the pleadings

18  (ECF No. 9) is **DENIED.**

19         **IT IS FURTHER ORDERED** that the motion to dismiss (ECF No. 11) is

20  **GRANTED.**

21         **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

22  **APPEALABILITY**.  The Clerk shall enter judgment accordingly.

23         Dated this ___6___ day of December, 2011.

24

25                                            _____
                                             UNITED STATES DISTRICT JUDGE
26